James L. Ahlstrom (8704) jahlstrom@parrbrown.com
Kara M. Houck (8815) khouck@parrbrown.com
**PARR BROWN GEE & LOVELESS, P.C.**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750

*Attorneys for Defendants Soar Energy, Inc.,
Brian Decker, and Cory Decker*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WOLVES VENTURES, LLC, a Utah limited liability company, AVEYO DIRECT, LLC, a Utah limited liability company, and INSIGHT CONSULTING, LLC, a Utah limited liability company on behalf of themselves and derivatively on behalf of AVEYO SOARS, LLC, a Utah limited liability company.<br><br>Plaintiffs,<br><br>vs.<br><br>SOAR ENERGY, INC., a California corporation, BRIAN DECKER, individually, CORY DECKER, individually, and MICHAEL MACHINO, individually,<br><br>Defendants. | **NOTICE OF REMOVAL TO FEDERAL COURT BY BRIAN DECKER**<br><br>Case No._____<br><br>**Jury Trial Requested**<br><br>[Removal of Case No. 250200016 from The Utah Business and Chancery Court] |

   Pursuant to 28 U.S.C. §§ 1331, 1332, 1441(a), 1443 and 1446, defendant Brian Decker ("Brian") hereby removes Case No. 250200016, pending in the Utah Business and Chancery Court (the "State Lawsuit"), to the U.S. District Court for the District of Utah. Copies of all process, pleadings, and orders filed in state court, and all other documents required by DUCivR 81-1(b) are

attached as **Exhibits A-C**. *See* 28 U.S.C. § 1446(a). Removal of this action is proper for the following reasons:

**TIMELINESS**

1. This action was filed in the Utah state court on March 21, 2025 by plaintiffs Wolves Ventures, LLC, Aveyo Direct, LLC, and Insight Consulting, LLC.[1] *See* Exhibits A & B ("State Court Complaint" for Exhibit A and corresponding docket as Exhibit B).

2. Michael Machino ("Machino") was served on March 31, 2025. *See* Exhibit C.

3. Brian was served on April 7, 2025. *See* Exhibit C.

4. Soar Energy, Inc. ("Soar Energy"), was served on April 23, 2025. *See* Exhibit C. (Soar Energy, Brian, Cory Decker ("Cory"), and Machino are collectively referred to as "Defendants" and individually a "Defendant").

5. Thus, removal is timely as it is sought on April 30, 2025, which is within thirty (30) days of a Defendant receiving notice of the Complaint. *See* 28 U.S.C. § 1446(b).

**BASIS FOR REMOVAL – 28 U.S.C. §§ 1331 AND 1332**

6. "[A]ny civil action brought in State court of which the district courts of the United State have original jurisdiction, may be removed by the defendant or defendants, to the

---

[1] Nominal or formal parties are disregarded for diversity jurisdiction analysis; jurisdiction rests only upon the citizenship of real parties to the controversy. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 100 S. Ct. 1779, 64 L. Ed. 2d 425 (1980). "Corporations are generally aligned as nominal defendants in derivative suits. When determining whether diversity jurisdiction exists, however, courts are not bound by this practice or by the party alignment set forth in the pleadings." *Symes v. Harris*, 472 F.3d 754, 761 (10th Cir. 2006). Thus, Aveyo Soars, LLC is not considered as a plaintiff for diversity jurisdiction analysis.

district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7. Plaintiff's claims against Defendants are removable to this Court pursuant to this Court's federal question jurisdiction and diversity jurisdiction. *See* U.S.C. §§ 1331 and 1332.

A. **This Court has Jurisdiction Pursuant to the Federal Question Set Forth in the Complaint.**

8. Federal courts have original jurisdiction over cases that arise under federal laws. 28 U.S.C. § 1331. When an action contains a claim arising under federal law, the entire action is removable to federal court. 28 U.S.C. § 1441(c)(1). In addition, supplemental jurisdiction exists for claims forming the same case or controversy. *See* 28 U.S.C. § 1367. Thus, if any of Plaintiff's claims arise under federal law, removal is proper.

9. Here, Plaintiff seeks recovery pursuant to violation of Rule 10b-5 of the Securities Exchange Act of 1934 (the "Exchange Act"), C.F.R. § 240.10b-5.[2] [State Court Complaint at ¶¶ 161-165.]

10. Section 27 of the Exchange Act grants exclusive jurisdiction to federal courts "of all suits in equity and actions at law brought to enforce any liability or duty created by [the Exchange Act] or the rules or regulations thereunder." 15 U.S.C. § 78aa(a). This exclusive jurisdiction means that state courts are prohibited from adjudicating claims arising under the Exchange Act. *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning,* 578 U.S. 374, 136 S. Ct. 1562, 194 L. Ed. 2d 671 (2016).

---

[2]"This chapter may be cited as the "Securities Exchange Act of 1934." 15 U.S.C.A. § 78a.

11. All other claims set forth in the State Court Complaint arise out of the same nucleus of operative facts as those that give rise to federal question jurisdiction, i.e. the Exchange Act claim.

B. **This Court Also has Diversity Jurisdiction.**

12. Federal courts also have diversity-based original jurisdiction pursuant to 28 U.S.C. § 1332 of any matter where the amount in controversy exceeds $75,000 and the parties are citizens of different states. See 28 U.S.C. § 1332(a)(1).

13. The State Lawsuit removed here is a civil action between citizens of different states.

**Citizenship of the Parties**

14. Each of the plaintiffs in the State Lawsuit is a Utah limited liability company.

15. On information and belief, each of the members of the plaintiff LLC entities are citizens of states different than California, Arizona, and England (in the case of Cory), and excluding Aveyo Soars, the underlying company subject to in essence derivative claims that is removed from this analysis.

16. Soar Energy is a California corporation, who is thus a citizen of the State of California.

17. Brian is a resident and citizen of the State of Arizona.

18. Cory is a resident and citizen of England.

19. Machino is a resident of the State of Arizona.

20. A limited liability company is a citizen of every state which its member are citizens. *See Lompe v. Sunridge Partners, LLC*, 818 F.3d 1041, 1046-47 (10th Cir. 2016).

21.     For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014); *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Crowley v. Glaze,* 710 F.2d 676, 678 (10th Cir.1983). A party's residence is prima facie evidence of domicile. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F3d 514, 520 (10th Cir. 1994); *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).

22.     For jurisdictional purposes, a corporation is a citizen of the state where it was incorporated and its principal place of business. 28 U.S.C. §1332(c)(1).

23.     None of the plaintiffs are citizens of the same state as any of the defendants. Accordingly, complete diversity exists between all plaintiffs and defendants.

**Amount in Controversy**

24.     The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, as the amounts at issue.

25.     The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, as the amounts at issue.

26.     In an action seeking declaratory and injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006) (citation and internal quotation marks omitted). In assessing whether the amount in controversy has been met, the Tenth Circuit applies the "either viewpoint" rule. Under this rule, the Court considers either the value of a judgment from the viewpoint of the plaintiff or the cost from the viewpoint of the defendant of injunctive and declaratory relief. *Justice*

Case 2:23-cv-00920-CMR. The value here far exceeds $75,000.00. *See* State Court Complaint at Exhibits F and G (stating amounts at issue in the several hundred thousands to millions).

### WRITTEN NOTICE OF REMOVAL

27. In accordance with 28 U.S.C. § 1446(d), the Removing Defendants will give written notice of the filing of this Notice of Removal to all adverse parties of record in this matter and will file a copy of this Notice with the clerk of the State court.

### CONSENT

28. Brian is one of the owners of Soar Energy, and each of those defendants consents to this removal. It is believed that Machino will consent as well. Cory has not yet been served.

### NO WAIVER

29. Nothing in this notice should be interpreted as a waiver or relinquishment of any of Brian's rights to assert any and all defenses or objections. By removing, Brian does not waive any defense, including defenses based on personal jurisdiction.

30. If there are any questions that arise as to the propriety of removal, Brian respectfully requests the opportunity to submit briefing, argument, and additional evidence as necessary to support removal.

31. Brian reserves the right to amend or supplement this Notice.

### CONCLUSION

For these reasons, Brian gives notice of removal of this case from the Business and Chancery Court to the United States District Court for the District of Utah.

Respectfully Submitted this 30th day of April 2025.

**PARR BROWN GEE & LOVELESS, P.C.**

By: /s/ *James L. Ahlstrom*

James L. Ahlstrom
Kara M. Houck
*Attorneys for defendant Brian Decker*